**Dorothy GOLLUB, James T. Casten, Georgia Casten, Merla Small, A. M. Investment Corp., an Illinois Corporation, on behalf of themselves and all other stockholders of CGI, Inc., formerly known as PPD Corporation, a New Jersey Corporation, on September 16, 1976, with the exception of the Individual defendants herein named, Plaintiffs,**

v.

**PPD CORPORATION, Anta Corporation, GCI, Inc., formerly known as PPD Corporation, Gittlin Companies, Inc., A. Sam Gittlin, B. Morton Gittlin, Robert B. Winkel, Robert G. Schwartz, Defendants.**

No. 77–342C(4).

United States District Court, E. D. Missouri, E. D.

June 27, 1977.

P. Terence Crebs, St. Louis, Mo., for plaintiffs.

Robert M. Lucy, William F. Bavinger, III, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendants.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon defendants' motion to dismiss plaintiffs' complaint, or in the alternative, to transfer the same to the United States District Court for the District of New Jersey. Plaintiffs have not responded to the motion.

Plaintiffs filed this suit pursuant to the Securities Exchange Act of 1934, alleging violations of § 14(e), § 10(b) and Rule 10b–5, 15 U.S.C. §§ 78aa, 78n(e), 78j(b) and 17 C.F.R. § 240.10b–5. Plaintiffs who are the owners of shares of common stock of GCI, Inc., formerly known as PPD Corporation [Old PPD], allege the following: Suit is brought on behalf of all stockholders of Old PPD on September 16, 1976 with the exception of defendants named in the complaint. On this date, the individual defendants named herein owned approximately 82% of the stock of Old PPD and the remaining 18%, or 162,000 shares was held by the public. Prior to July 9, 1976, defendants entered into negotiations for the sale of all or substantially all of the assets of Old PPD to Anta Corporation. On July 9, 1976 a sale agreement was reached for a cash price of $10,000,000 subject to downward adjustment as provided in the agreement and the assumption of substantially all of Old PPD's liabilities. Anta caused the formation of New PPD to receive the assets of Old PPD. On July 9, 1976, New PPD entered into written employment agreements for a five-year term with each of the individual defendants named herein. These agreements provided for payments to the individuals on a sliding scale of from 80% to 20% of the amount earned in excess of an established profitability target. The aggregate amount so payable is limited to $4,000,000,

payable only from pre-tax profits in excess of $11,200,000 earned during those five years. Plaintiffs allege that such "bonuses" are a premium or reward for causing the sale to Anta of the assets of Old PPD. On August 27, 1976 a notice of a shareholders meeting was sent to shareholders and a proxy statement accompanied it. On September 16, 1976, at the meeting of shareholders, the sale was approved and the sale has since been closed. Plaintiffs have made written demand upon Old PPD and each of the individual defendants that the "bonuses" belong to all of the shareholders and not just the individual defendants since they constituted a reward or premium for causing the sale to Anta. Plaintiffs allege that the Proxy Statement violates §§ 14(e) and 10(b) of the Securities Exchange Act of 1934, as well as Rule 10b–5 promulgated thereunder in that it contained untrue statements of material facts and omitted to state material facts necessary to make the statements made not misleading. Plaintiffs further allege that defendants engaged in fraudulent, deceptive and manipulative acts and practices in that the Proxy Statement

A) Failed to state the true purpose and nature of the entire sale transaction upon which the shareholders of Old PPD, including plaintiffs, were asked to consent and vote upon; and

B) Failed to state material facts relating to such transaction in that they and each of them failed to state that the so called "bonuses" which were to be paid to the individual defendants . . . constituted a reward or premium in the form of an earn-out as additional compensation for said individual defendants for their exclusive benefit and to the exclusion of plaintiffs and the class which they seek to represent in violation of their fiduciary duties as the principal officers and stockholders of Old PPD negotiating said sale transactions to act in the best interest of all of the shareholders of Old PPD.

Plaintiffs have also alleged, in two separate counts, violations of New Jersey law. Jurisdiction for these counts is based upon the doctrine of pendent jurisdiction.

In support of their motion to dismiss, defendants have submitted a number of documents. Accordingly, the Court will treat the instant motion as a motion for summary judgment. Rule 12(b), Federal Rules of Civil Procedure.

The Proxy Statement sets out the employment agreements which have been reached. These agreements involve A. Sam Gittlin, B. Morton Gittlin, Robert B. Winkel, Robert G. Schwartz, John D. Burfeindt and Robert J. Richard. Plaintiffs have not named John D. Burfeindt nor Robert J. Richard as defendants herein. With specific reference to the bonuses, the Proxy Statement provides the following:

In addition to salary [which is set out as to each defendant], bonuses may be payable to the six officers, provided New PPD has more than $2.2 million in "pre-tax earnings" during each of the first three years of the employment period and more than $2.3 million in the last two years, subject to certain adjustments in each case. If New PPD should earn less than $2.0 million in any one year, then higher profits (based upon a predetermined formula) must be earned in subsequent years in order for the bonuses to be payable. If New PPD exceeds those profitability targets, then the parties to the Employment Agreements will divide:

80% of the first $800,000 in pre-tax earnings over the profitability target, plus

60% of the next $500,000 in pre-tax earnings over the profitability target, plus

40% of the next $500,000 in pre-tax earnings over the profitability target, plus

20% of the balance of the pre-tax earnings over the profitability target.

The maximum aggregate amount of bonuses that can be paid over the five year term is $4,000,000. The amount paid in any single year shall be divided such that A. Sam Gittlin shall receive 34.4% of the total amount to be paid as bonus; B. Morton Gittlin shall receive 40.0%; Robert B. Winkel shall receive 4.0%; Robert

G. Schwartz shall receive 18.6%; Robert J. Richard shall receive 1.5%; and John D. Burfeindt shall receive 1.5%.

The Proxy Statement then explains how "pre-tax earnings" are to be computed and provides that the bonuses and salaries are not payable in the event of voluntary termination of employment, or the death or permanent disability of the officers.

Section 14(e) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(e) provides in part:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or to engage in any fraudulent, deceptive, or manipulative acts or practices, in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation.

Section 10(b) of the Securities Act of 1934, 15 U.S.C. § 78j(b) makes it unlawful for any person

To use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance . . . .

Rule 10b–5, 17 C.F.R. § 240.10b–5 provides that it will be unlawful for any person

(a) To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

The Court is of the opinion that defendants' motion to dismiss should be granted. At the outset, the Court notes that plaintiffs have failed to allege scienter on the part of defendants. An allegation of scienter, or the "intent to deceive, manipulate, or defraud" was held to be a necessary allegation in a cause of action under § 10(b) and Rule 10b–5 in *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). See also *Utah State University of Agriculture and Applied Science v. Bear, Stearns & Co.*, 549 F.2d 164 (10th Cir. 1977).

The crux of plaintiffs' complaint, underlying the claimed violations of §§ 10(b) and 14(e), and Rule 10b–5, is that defendants made an untrue statement of a material fact, omitted to state a material fact necessary to make statements made not misleading, or engaged in fraudulent, deceptive or manipulative devices. Plaintiffs contend that defendants did so in failing to state the true purpose and nature of the sale transaction and in failing to state that the bonuses were a reward or premium for the sale of the business. The Court is of the opinion that these allegations are insufficient.

Corporate mismanagement, or breaches of duties owed to shareholders by fiduciaries, do not necessarily constitute violations of the securities laws. *Santa Fe Industries, Inc. v. Green*, 430 U.S. 462, 473–478, 97 S.Ct. 1292, 51 L.Ed.2d 480 (1977). The Proxy Statement issued herein clearly sets out the bonus agreement. Plaintiffs have construed such agreement as constituting a reward for the sale of the corporation. Such construction is one that they have placed upon the agreement and does not constitute a material fact such that it must be included in the Proxy Statement. See *Abramson v. Nytronics, Inc.*, 312 F.Supp. 519, 524 (S.D.N.Y.1970), stating

They [the directors] were not, however, required to present to the Gulton shareholders all the arguments that could be made against their recommendations. The proxy provisions of Rules 14a–9 and 10b–5 are aimed at *disclosure of all material facts,* not at ensuring an exhaustive, dispassionate, and evenly balanced presentation of conflicting interpretations of the facts given. [emphasis in the original].

See also *Popkin v. Bishop,* 464 F.2d 714 (2d Cir. 1972); *Leighton v. American Telephone and Telegraph Company,* 397 F.Supp. 133 (S.D.N.Y.1975).

This Court can find no support for the contentions that defendants must state the true purpose for the sale, or that defendants must set forth every possible construction that individuals could give to an agreement. The bonus agreement was set forth fully; plaintiffs do not contend otherwise. Plaintiffs' sole contention is that defendants should have been required to place a construction upon that agreement and to state their motives. The Court is of the opinion that this is not required under the securities laws.

Absent any misrepresentation of material facts, or allegations of fraudulent, deceptive or manipulative devices, plaintiffs' complaint must be dismissed. Since the federal claim will be dismissed, the state claims, resting upon the doctrine of pendent jurisdiction will also be dismissed. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).